# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY ADAMS,<br>　　　　　Plaintiff<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　　Defendant. | )<br>)<br>) Civil Action No. 12-1346<br>) Chief Magistrate Judge Maureen P. Kelly<br>)<br>)<br>) |

## MEMORANDUM ORDER

Timothy Adams, ("Plaintiff) has filed a document entitled "Re: REQUESTING PERMISSION FOR THIS COURT TO ENTERTAIN INDEPENDENT ACTION" (the "Independent Action") which sought to have the current action construed as an "Independent Action" pursuant to Fed.R.Civ.P. 60(d). ECF No. 4. The Clerk's Office docketed the document as a Petition for Writ of Habeas Corpus. The Clerk's Office apparently did so because Plaintiff was attacking the validity of a judgment rendered in the United States District Court for the Middle District of North Carolina that denied Plaintiff's Motion For Relief filed pursuant to 28 U.S.C. § 2255 (the "Section 2255 Motion").

Plaintiff's claim in this case is the same claim that he has repeatedly filed in other federal courts, namely, that he should be relieved of the judgment in his Section 2255 Motion proceedings because the attorney who represented Petitioner at his criminal trial (the "criminal defense attorney") filed a false affidavit in his Section 2255 Motion proceedings. Specifically, Plaintiff claims that his criminal defense attorney suffered under a conflict of interest because his criminal defense attorney represented an individual by the name of Velvet Jetter, whose interest was apparently at odds with the interests of Plaintiff. In response to Plaintiff's allegations about

1

the alleged conflict of interest, his criminal defense attorney filed an affidavit in Plaintiff's Section 2255 Motion proceedings, wherein the attorney averred that an associate of the firm had represented Ms. Jetter but that "at no time did Ms. Jetter, to my knowledge, ever provide any information in which in [sic] any way implicated or even mentioned the defendant herein. The Jetter case was not Federal in nature, had nothing do to with a conspiracy and her cooperation did not produce any information whatsoever about the defendant, Adams. Ms. Jetter was not a witness in the case against Mr. Adams, nor was she on the Government's witness list." ECF No. 4-1 at 2. Petitioner contends that his criminal defense attorney lied in this affidavit and thus committed a fraud upon the Court. None of the federal courts previously presented with Plaintiff's same claims have granted Plaintiff relief.

At the outset, we note that Plaintiff is incarcerated at the Federal Correctional Institution at Fairton ("FCI-Fairton") in New Jersey and that the present case has no connection to this District and we are at a loss to understand why Plaintiff has chosen to file in this District, other than his pattern of seeking any court to entertain his claims given that he has also filed similar claims in the District Courts of the District of Columbia and Virginia.

The Court will deny Plaintiff's Independent Action for two alternative reasons. First, the Independent Action is at least Plaintiff's fifth such filing in several different federal courts, which renders the present Independent Action repetitious and, therefore, frivolous or malicious. Second, Plaintiff fails to merit relief under an Independent Action.

## I. FACTUAL AND PROCEDURAL HISTORY

### A. Prior Filings

The following facts and procedural history are taken from the District Court's opinion in Adams v. Schultz, Civ.A. No. 07-2133 (D.N.J. ECF No. 2, filed 5/17/2007):

2

On April 13, 1995, Adams was convicted on charges of conspiracy to distribute and to possess with the intent to distribute cocaine base ("crack"), before the United States District Court for the Middle District of North Carolina. On August 2, 1995, Adams was sentenced to a term of life imprisonment. He appealed his conviction and sentence, arguing that (1) there was insufficient evidence; (2) the evidence was erroneously admitted; (3) the statute and guidelines employed were unconstitutional; and (4) the sentence violated his rights under the Eighth Amendment. The United States Court of Appeals for the Fourth Circuit affirmed Adams' conviction and sentence. United States v. Adams, 103 F.3d 120 (4th Cir. 1996) (Table) (unpublished opinion at 1996 WL 721890). The United States Supreme Court denied certiorari in February 1997. Adams v. United States, 520 U.S. 1180 (1997).

On November 26, 1997, Adams filed a pro se motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. He raised the following arguments: (1) his trial counsel was ineffective for failing to disclose a conflict of interest, failing to adequately cross-examine witnesses, failing to call witness on Adams' behalf, failing to object to sentencing errors, advising Adams not to testify at trial, and failing to conduct an adequate pretrial investigation; and (2) prosecutorial misconduct for permitting witnesses to give false testimony at trial, failing to disclose impeachment information, and failing to report negotiations with Adams' attorney that were against Adams' interest. On August 24, 1998, the United States Magistrate Judge filed a Report and Recommendation recommending that the § 2255 motion be summarily dismissed. Adams filed objections to the Report and Recommendation, as well as a motion to expand the record and hold an evidentiary hearing. On January 27, 1999, the District Court denied Adams' application for relief under § 2255, and denied the motion for an evidentiary hearing as moot. Adams appealed. The Fourth Circuit denied a certificate of appealability, and the appeal dismissed on June 24, 1999. United States v. Adams, 182 F.3d 910 (4th Cir. 1999)(Table)

Thereafter, Adams filed several motions. On November 2, 1999, he filed a motion under Fed.R.Civ.P. 60(b). On January 14, 2000, he filed a motion to amend his pleadings. On May 15, 2000, Adams filed a motion to take judicial notice. On August 22, 2000, he filed a motion to set a hearing. On September 27, 2000, Adams filed a motion for a writ of mandamus.

On November 1, 2000, the court denied the motion to amend the pleadings, the motion to take judicial notice, the motion to set a hearing, and the motion for judgment. On December 19, 2000, the district court denied Adams' Rule 60(b) motion. Adams appealed to the Fourth Circuit, and the Court of Appeals affirmed the district court's decision.

As stated above, a search of the docket in this District Court reveals that Adams has filed three prior actions in this district challenging his conviction. In 2005, Adams filed a Complaint for Independent Action, asserting jurisdiction under 28 U.S.C. § 1331, in which he alleged that trial counsel's affidavit in his § 2255 proceeding amounted to a fraud on the District Court for the Middle District of North Carolina. Adams v. United States, Civil No. 05-1677 (RBK). The Honorable Robert B. Kugler held that the district court lacked jurisdiction to re-

open or vacate the judgment, for fraud on the court, in a matter pending in another federal district court, citing Stewart v. Johnston, 97 F.2d 548 (9th Cir. 1938), cert. denied, 312 U.S. 677 (1941) (federal district court in district of confinement has no authority in habeas corpus matters to review the action of the district court in which the petitioner was convicted or to issue writs of certiorari to that court). However, pursuant to its duty to construe pro se pleadings liberally, Judge Kugler construed the complaint as a § 2241 habeas petition, and then dismissed the action for lack of jurisdiction as an impermissible second or successive § 2255 motion.

Adams thereafter filed a § 2241 petition on or about March 29, 2006, see Adams v. Miner, Civil No. 06-1477 (RBK), in which he challenged the very same conviction at issue in the present case on similar grounds. That case also was assigned to Judge Kugler, who again dismissed the § 2241 petition for lack of jurisdiction, finding that petitioner demonstrated no exception to the gate-keeping requirements of § 2255 as set forth in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

In August 2006, Adams filed a third action under 28 U.S.C. §2241, claiming that relief under § 2255 is inadequate and ineffective, and that the gate-keeping requirements should not be applied because he is actually innocent of the crimes for which he was convicted. Adams v. Schultz, Civil No. 06-3756 (NLH). Adams based his claim of actual innocence on several arguments; namely, (a) prosecutorial misconduct, in that the Government used allegedly perjured testimony of witnesses at trial regarding certain dates of the charged conspiracy and drug transactions, and (b) ineffective assistance of counsel, alleging that his attorney had a conflict of interest and failed to strenuously cross-examine a witness, that his attorney failed to advise Adams that Adams had the right to make the final decision as to whether to testify at trial, and generally, that his counsel was ineffective in investigating the case and cross-examining witnesses. Adams essentially argued that his trial was "filled with falsehoods from beginning to end." The court found that Adams' claim of actual innocence was illusory, and was based on arguments previously tested and rejected by the courts numerous times. See Adams v. Schultz, Civil No. 06-3756 (NLH)(January 11, 2007 Opinion and Order, Docket Entry Nos. 3, 4).

Id. at 2 – 6 (footnotes omitted). After Plaintiff filed Adams v. Schultz, Civ.A. No. 07-2133 (D.N.J.), Plaintiff filed several other petitions/civil actions and/or independent actions in other federal district courts. See, e.g., Adams v. U.S. Attorneys Office, No. 1:11-cv-01395 (D.D.C. filed 8/3/2011) (suing U.S. Attorneys Office, alleging that the Office knowingly permitted Plaintiff's criminal defense attorney to file a false affidavit in his Section 2255 proceedings); Adams v. Shartle, Civ.A. No. 12-280 (D.N.J. filed 1/17/2012) ("Petition for Common Law Writ of Habeas Corpus By a Person in Federal Custody"); Adams v. United States, Civ.A. No. 1:12-

cv-00705 (E.D. Va. ECF No. 1, "Memorandum of Law In Support of Plaintiff's Independent Action Pursuant to Rule 60(d) To Set Aside A Judgment Action for Fraud Upon the Court" filed 6/28/2012); Adams v. United States, No. 2:12-mc-210 (E.D. Pa. ECF No. 2, "Request Permission for this Court to Entertain Independent Action" filed 8/21/2012).

The United States District Court for the Eastern District of Virginia transferred the action in Adams v. United States, Civ.A. No. 1:12-cv-00705 to the Middle District of North Carolina. There, the District Court in the Eastern District of Virginia noted that:

> Review of petitioner's previous litigation in the Middle District of North Carolina reveals that petitioner has filed three separate motions seeking relief from that court's denial of his § 2255 motion to vacate. Each of these motions was based on the identical claim petitioner raises in the instant motion. See Motion for Judgment Pursuant to Fed. R. Civ. P. 60(b)(3), Adams v. United States, 1:97CV1225 & 6:94CR302-3 (M.D.N.C. Nov. 2, 1999), Docket No. 187; Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b), Adams v. United States, 1:97CV 1225 & 6:94CR302-3 (M.D.N.C. Dec. 3, 2001), Docket No. 217; Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b), Adams v. United States, 1:97CV 1225 & 6:94CR302-3 (M.D.N.C. Aug. 16, 2004), Docket No. 240. The United States District Court for the Middle District of North Carolina denied each of these motions after reviewing them on the merits. See Order Denying Motion for Judgment Pursuant to Fed. R. Civ. P. 60(b)(3), Adams v. United States, 1:97CV1225 & 6:94CR302-3, (M.D.N.C. Dec. 19, 2000), Docket No. 200; Order denying Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b), Adams v. United States, 1:97CV1225 & 6:94CR302-3, (M.D.N.C. Oct. 21, 2002), Docket No. 227; Order denying Motion for Relief from Judgment Pursuant to Fed. R. 60(b), Adams v. United States, 1:97CV1225 & 6:94CR302-3, (M.D.N.C. Feb. 15, 2006), Docket No. 280.

Id. (ECF No. 4 at 1 – 2, filed 7/6/2012). Comparing the "Memorandum of Law In Support of Plaintiff's Independent Action Pursuant to Rule 60(d) To Set Aside A Judgment Action for Fraud Upon the Court" which Plaintiff filed in Adams v. United States, Civ.A. No. 1:12-cv-00705 (E.D. Va.) to the present Independent Action, it is clear that the two are nearly identical and based upon the same facts and legal arguments, to wit, Plaintiff should be relieved from the judgment in his Section 2255 proceedings because his criminal defense attorney filed an allegedly false affidavit in those Section 2255 proceedings.

Plaintiff also filed in the United States District Court for the Eastern District of Pennsylvania what he styled as a "Requesting Permission For This Court To Entertain Independent Action" raising therein the identical claim he now raises before this Court. Adams v. United States, No. 2:12-mc-210 (E.D. Pa. ECF No. 2, filed 8/21/2012). The United States District Court for the Eastern District of Pennsylvania denied Plaintiff's request. Id. (ECF No. 4 filed 8/24/12). Plaintiff requested reconsideration of the Court's order denying his request, id., (ECF No. 5 filed 8/30/2012), which the Court denied, reasoning that "[w]hether styled as an civil or a miscellaneous action, this court lacks jurisdiction to alter the sentence imposed on Adams by the United States District Court For the Middle District of North Carolina." Id. (ECF No. 9 at 2 filed 9/5/2012). Plaintiff appealed and the United States Court of Appeals for the Third Circuit issued an order that read in full as follows:

> Appellant styled his filing in this case, brought in the United States District Court for the Eastern District of Pennsylvania, as an independent action to obtain relief from the judgment entered by the United States District Court for the middle District of North Carolina in the proceedings pursuant to 28 U.S.C. § 2255. Appellant now seeks review of the orders of the Eastern District of Pennsylvania denying relief in this action. To the extent that a certificate of appealability is required, Appellant's request for such a certificate is denied, because reasonable jurists would not find the denial of relief to be debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). The District Court's August 24, 2012 and September 5, 2012 orders denying reconsideration are otherwise summarily affirmed. . . ."

Adams v. United States, No. 12-3504 (3d Cir. Order filed 12/13/2012).

### B. Present Proceeding

Undeterred by his lack of success, Plaintiff filed the instant case with this Court. After Plaintiff filed the "Independent Action" in this Court, Defendant was ordered to file a Response. ECF No. 2. After being granted two extensions of time, Defendant did so, ECF No. 13, arguing that the present action is, in fact, a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 and should be dismissed because Plaintiff's custodian, i.e., the warden of FCI-

Fairton, where Plaintiff is housed is <u>not</u> within the territorial jurisdiction of the United States District Court for the Western District of Pennsylvania. In the "Reply To Governments [sic] Answer" filed by Plaintiff, ECF No. 16, Plaintiff reiterated that this is an Independent Action and not a habeas petition. Because "even a pro se litigant is master of his own case," <u>Temple v. Coleman</u>, No. 12–1517, 2012 WL 6681764, at *1 (W.D. Pa. Nov. 5, 2012), *report and recommendation adopted by*, 2012 WL 6681686 (W.D. Pa. Dec. 21, 2012), the Court ordered Defendant to file a Supplemental Answer, asking the Defendant to answer three questions regarding Independent Actions and whether Plaintiff's current filing satisfies the standards for an Independent Action. ECF No. 19. Defendant complied, ECF No. 21 and asserted that Plaintiff's current filing did not meet the requirements for relief under an Independent Action.

All parties have consented to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 15, 17.

## II. DISCUSSION

The Independent Action will be dismissed for two independent reasons. First, because the Independent Action is clearly repetitious of other litigation that Plaintiff has engaged in, the Independent Action is frivolous or malicious. Secondly, Plaintiff fails to carry his heavy burden to show entitlement to relief under the requirements for an Independent Action.

**A. This Litigation is Repetitious and Frivolous**.

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." <u>McWilliams v. Colorado</u>, 121 F.3d 573, 574 (10th Cir. 1997)(quotation marks and alteration omitted).

Here, the instant action is clearly repetitious of 1) <u>Adams v. United States</u>, Civ.A. No. 1:12-cv-00705 (E.D. Va.) and of the other cases/filings cited in that Court's opinion which was quoted above, and 2) <u>Adams v. United States</u>, No. 2:12-mc-210 (E.D. Pa.). Plaintiff himself

7

admits that he "has filed over five (5) independent actions for FRAUD UPON THE COURT in an attempt to re-open the § 2255 proceedings that were dismissed[.]" ECF No. 6-2 at ¶ 13.

Hence, because the present Independent Action is clearly repetitious of Plaintiff's numerous other cases, the Independent Action is dismissed as frivolous or malicious and this is so, even if Petitioner contends that the prior dispositions did not properly treat his Independent Action as a an Independent Action under the proper standard. See id., ¶ 14.

**B. Plaintiff Fails to Show Entitlement to Relief.**

Alternatively, the case is dismissed because Plaintiff fails to carry his heavy burden to show that he is entitled to relief under the standards for an Independent Action. In order to establish an Independent Action, the party asserting fraud upon the court must establish that there was "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005).

In the present case, Plaintiff fails to establish that his criminal defense attorney engaged in fraud or that the Court, when it denied Plaintiff's Section 2255 Motion was, in fact, deceived by the attorney's allegedly false affidavit.

We note that after Plaintiff's Section 2255 Motion was denied by the Honorable N. Carlton Tilley, United States v. Timothy Adams, No. 6:94-cr-00302-NCT-3 (M.D.N.C. ECF No. 179), Plaintiff filed, pursuant to Fed.R.Civ.P. 60, a Motion for Relief from the Order that denied his Section 2255 Motion (the "Rule 60(b) Motion"). Id. (ECF No. 187). In the Rule 60(b) Motion, Plaintiff raised the claim that his criminal defense attorney lied in the affidavit which was provided in the Section 2255 Motion proceedings. Judge Tilley, faced with the claim that Plaintiff's criminal defense attorney committed a fraud, squarely rejected the contention and concluded that "[t]he Rule 60(b) Motion [Doc. 187], whether considered under

60(b)(2) – newly discovered evidence – or under 60(b)(3) – fraud or misconduct of an adverse party – is without merit and therefore, DENIED." ECF No. 5-1 at 2 – 3.

From the foregoing, it appears that Plaintiff made his allegation that his criminal defense attorney lied in the affidavit offered during Plaintiff's Section 2255 Motion proceedings and it further appears that the very same Court which denied Plaintiff's Section 2255 Motion also rejected Plaintiff's contention that the attorney lied and implicitly rejected Plaintiff's contention that the Court was in fact deceived. In light of this, Plaintiff fails to carry his burden to show entitlement to relief under an Independent Action.

## III. CONCLUSION

For the foregoing reasons, the Independent Action is DENIED as repetitious, frivolous and without merit. The case is dismissed and any pending motions are denied as moot. The Clerk is to mark the case closed.

BY THE COURT:

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF U.S. MAGISTRATE JUDGE

Dated: March 27, 2015

cc: Timothy Adams
42380019
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

All counsel of record via CM-ECF